UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL SALAZAR, <br> TDCJ No. 02103847, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL NO. SA-19-CA-01489-FB |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Paul Salazar's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), respondent Bobby Lumpkin's Answer (ECF No. 19), and petitioner's Reply thereto (ECF No. 26). Petitioner challenges the constitutionality of his 2016 state court convictions for continuous sexual abuse of a child and indecency with a child by exposure, arguing (1) his second conviction violated double jeopardy principles, (2) his counsel on direct appeal was ineffective, (3) his trial counsel rendered ineffective assistance, and (4) the district attorney had a disqualifying conflict of interest. In his Answer, respondent contends, in part, that petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. <u>Background</u>

In October 2016, a Bexar County jury convicted petitioner of one count of continuous sexual abuse of a child and one count of indecency with a child by exposure. *State v. Salazar*, No. 2014CR5303 (144th Dist. Ct., Bexar Cnty., Tex. Oct. 18, 2016); (ECF No. 20-10 at 140-43). After a separate punishment hearing, the jury sentenced petitioner to thirty-five years of imprisonment on the first count and twenty years of imprisonment on the second, with the sentences to run consecutively. *Id*. Petitioner's convictions were affirmed on direct appeal in an unpublished opinion and his petition for discretionary review (PDR) was later refused by the Texas Court of Criminal Appeals on March 21, 2018. *Salazar v. State*, No. 04-16-00743-CR, (Tex. App.—San Antonio, Oct. 11, 2017, pet. ref'd); (ECF No. 20-15); *see also Salazar v. State*, No. PD-1221-17 (Tex. Crim. App.); (ECF No. 20-20).

Petitioner then challenged the constitutionality of his state court convictions by filing a state habeas corpus application on June 20, 2019, at the earliest.[1] *Ex parte Salazar*, No. 90,899-02 (Tex. Crim. App.); (ECF No. 20-50 at 27, 30). While the state habeas application was pending, petitioner placed the instant federal habeas petition in the prison mail system on December 18, 2019. (ECF No. 1-2). This Court granted a stay and abeyance of the federal proceedings to allow the state court an opportunity to first rule on petitioner's state habeas application, and later extended the stay so petitioner could appeal the state court's decision to the United States Supreme Court. (ECF Nos. 6, 8). The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on October 14, 2020, and the Supreme

---

[1] Because of petitioner's *pro se* status, the prison mailbox rule applies to his state habeas application. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

Court later denied petitioner's request for certiorari. (ECF No. 20-33); *Salazar v. Texas*, 141 S. Ct. 2642 (May 17, 2021). These proceedings were reopened shortly thereafter. (ECF No. 12).

## II. Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final June 19, 2018, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on June 19, 2019.[2] Because petitioner did not file his § 2254 petition until December 18, 2019—six months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

---

[2] In his Reply, petitioner correctly notes that Federal Rule of Civil Procedure 6(a) applies so as not to count the day of the act or event from which the § 2244(d) period begins to run. See *Flanagan v. Johnson*, 154 F.3d 196, 200-202 (5th Cir. 1998). Thus, the first day of the limitations period was June 20, 2018, and the limitations period ended one year later on June 19, 2019.

3

A.     **Statutory Tolling Under § 2244(d)(1)**

Petitioner argues that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). Under § 2244(d)(1)(B), the limitations period does not begin to run until the date on which a State-created impediment that violated the Constitution or federal law which prevented the petitioner from filing a timely petition is removed. Although this section has not defined what constitutes an "impediment," its plain language makes clear that whatever constitutes an impediment must actually prevent a petitioner from timely filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Thus, to demonstrate that § 2244(d)(1)(B) applies, a petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003).

Petitioner asserts that he was prevented from timely filing his petition by the mailroom officials of the Hughes Unit where he is confined. (ECF No. 26). According to petitioner, a fellow inmate at the Hughes Unit named Samuel Wade Dooley assisted petitioner in drafting his state habeas application.[3] The two agreed that the entire appellate record should be included with the state application as an exhibit, but the only way to mail such an extensive pleading is with a USPS priority mail cardboard box, which inmates are not allowed to possess. While inmates would normally just bring such a pleading to the unit mailroom for mailing, Mr. Dooley was not allowed out of his housing facility to go to the mailroom facility due to the Hughes Unit being on lockdown beginning June 13, 2019. Mr. Dooley thus requested from a mailroom official that an appropriate USPS box be brought to him by June 17, 2019. No such box was

---

[3]     Sam Wade Dooley has provided an unsworn declaration in support of petitioner's request for tolling. (ECF No. 27).

4

brought to Mr. Dooley despite several subsequent requests.  Mr. Dooley eventually signed and mailed the application and exhibits on petitioner's behalf on June 24, 2019, after requesting assistance from a correctional officer who then escorted him to the mailroom to file the application.

Petitioner contends the failure of the mailroom officials to provide Mr. Dooley with the requested USPS priority mail cardboard box constitutes a state-created impediment to his filing. However, § 2244(d)(1)(B) concerns only impediments to filing *federal* habeas corpus petitions, while petitioner's arguments allege only an impediment to the filing of his *state* habeas application.  Because petitioner has alleged no impediment to the filing of the instant federal petition, § 2244(d)(1)(B) is arguably inapplicable.

Even giving petitioner the benefit of the doubt and assuming § 2244(d)(1)(B) applies to both state and federal habeas applications, his allegations are still insufficient to show that the mailroom officials' failure to bring USPS materials to him prevented him from timely filing his post-conviction application.  To start, nothing impeded petitioner (or Mr. Dooley) from filing the application and voluminous exhibits *before* the Hughes Unit went on lockdown June 13, 2009—just six days prior to the expiration of the federal limitations period.  And nothing prevented them from filing the application alone (without the exhibits) following the lockdown. While petitioner argues that Mr. Dooley waited because he needed the larger USPS materials to file the exhibits along with the application, he did not have to do so.  Further, both petitioner and Mr. Dooley admit they were able to file the application and exhibits simply by requesting help in mailing out legal work.  Thus, far from impeding his efforts, it appears that officials assisted Mr. Dooley in his efforts to mail petitioner's application.

Based on petitioner's arguments, the Court finds that petitioner failed to demonstrate that the mailroom officials from the Hughes Unit prevented him from filing his state habeas application by June 19, 2019. He therefore has not shown the existence of a state-created impediment that prevented the timely filing of the instant federal petition. For these reasons, the Court finds Section 2244(d)(1) inapplicable.[4]

**B.      Statutory Tolling Under § 2244(d)(2)**

Similarly, petitioner does not qualify for statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Where a petitioner files his state post-conviction petition after the AEDPA deadline for seeking federal review has lapsed, the state petition does not operate to toll the one-year limitations period under § 2244(d)(2). *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)). Thus, the burden is on the *pro se* prisoner to demonstrate that his pleadings were properly submitted for filing in a timely manner. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019).

Petitioner fails to make this showing. Under the prison mailbox rule, a prisoner's pleadings are considered filed on the date "he delivers the papers to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *see also Richards*, 710 F.3d at 578-79 (extending the prison mailbox rule to include post-conviction habeas corpus applications

---

[4] Petitioner does not argue that the petition is based on a newly recognized constitutional right or that the claims contained therein could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

6

filed in Texas). Here, the earliest that petitioner's state habeas application was submitted for mailing was June 20, 2019, the date Dooley signed the application and accompanying motions.[5] (ECF No. 20-50 at 27, 30, 37, 39). As discussed previously, however, petitioner's limitation period for filing a federal petition expired on June 19, 2019. Because it was filed after the time for filing a federal petition under § 2244(d)(1) had lapsed, the state habeas application does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott*, 227 F.3d at 263.

**C.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

1.     Petitioner's Lack of Diligence

The record demonstrates that petitioner failed to diligently pursue his rights. Each of the allegations raised in petitioner's federal petition concern the constitutionality of his October 2016 convictions, yet petitioner did not submit his state habeas corpus application challenging these convictions until June 2019, an entire year after his convictions became final under the

---

[5] In his unsworn declaration, Mr. Dooley admits that he signed the application days before it was eventually submitted for filing on June 24, 2019. (ECF No. 27 at 4). Petitioner concedes the application was not mailed until June 24, 2019. (ECF No. 26 at 10). Thus, June 24, 2019, is more likely the correct date under the mailbox rule.

AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

Petitioner contends that, despite waiting until the eleventh hour to file his state habeas application, equitable tolling should apply because it was the mailroom officials at the Hughes Unit who actually caused the application to be filed after the AEDPA deadline had passed. The Court disagrees. A litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007) (filing on last day and encountering court computer problem that prevented filing lacked due diligence); *see also Hudson v. Quarterman*, 332 Fed. App'x 209, 210 (5th Cir. 2009) (unpublished) (eleven and one-half month delay in mailing state application after conviction became final did not evince due diligence). Here, even assuming the mailroom officials were partly to blame for petitioner's late filing, petitioner admittedly did not even attempt to file the application until June 17, 2019, two days before the AEDPA deadline. (ECF No. 26 at 10). This hardly constitutes pursuing the habeas process "with diligence and alacrity" as required to warrant equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

2. No "Extraordinary Circumstances" Exist

Petitioner also fails to demonstrate that rare or extraordinary circumstances beyond his control caused the late filing of his state habeas application. In his reply, petitioner requests tolling based on the fact that, as a prisoner proceeding without the aid of an attorney, he had no

choice but to rely on the prison mailroom officials to deliver the USPS materials necessary to mail his state habeas application and accompanying exhibits. But such a circumstance is hardly extraordinary, as reliance on the prison mail system is something all prisoners have in common. *See Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). It is also well-settled that a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008).

Petitioner's argument that the normal mailing procedures were unavailable because the unit was on lockdown is similarly unpersuasive. As discussed previously, nothing actually prevented petitioner (or Mr. Dooley) from filing the state application either before or after the Hughes Unit went on lockdown June 13, 2009. And courts in this district have repeatedly found that delays caused by intermittent lockdowns do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from filing a petition. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (unpublished) (finding a temporary denial of access to prison law library was not an extraordinary circumstance sufficient to warrant equitable tolling); *Coppin v. United States*, 3:10-cr-345, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented Defendant from filing § 2255 motion).[6]

---

[6] *See also United States v. Pizarro,* No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Sheppard v. Stephens*, No. 5:16-cv-426, 2016 WL 4276292, at *2 (W.D. Tex. May 26, 2016); *Harrison v. Stephens*, No. H-14-2991, 2015 WL 3507888, at *3 (S.D. Tex. June 3, 2015) (petitioner failed to explain why the security lockdowns constitute "extraordinary circumstances").

Finally, citing *Martinez v. Ryan*,[7] petitioner argues he should be excused from the statute of limitations because his claims of ineffective assistance of counsel are potentially meritorious. (ECF No. 26 at 12). But *Martinez* addressed exceptions to the procedural default rule—it does not apply to the statute of limitations. *See Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (holding the Texas bar on subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.") (citing *Martinez*, 566 U.S. at 17).[8] Thus, *Martinez* does not provide a basis for equitable tolling.

Consequently, petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court. His petition is therefore untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The

---

[7]     566 U.S. 1 (2012).

[8]     *See also*, *e.g.*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Cathcart v. Davis*, 2019 WL 1318364, at *3 (N.D. Tex. Mar. 8, 2019), *report and recommendation adopted*, 2019 WL 1316031 (N.D. Tex. Mar. 22, 2019) (concluding that *Martinez* and *Trevino* address procedural default rather than the limitations period and do not support a petitioner's claim for equitable tolling).

petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996, yet petitioner provided no reasonable justification for missing the filing deadline.  Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief.  As such, a COA will not issue.

## IV. Conclusion and Order

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Paul Salazar's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 24th day of March, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE